## Long, etc., v. Russial et al., etc.

*George W. Heffner*, for plaintiff.
*Joseph S. Lilienthal*, for defendants.

CURRAN, J., June 21, 1954.—Defendant filed preliminary objections to plaintiff's complaint in assumpsit. The preliminary objections consist of a motion to strike off the complaint for the reason that it was not properly filed, as required by the Pennsylvania Rules of Civil Procedure, a rule for more specific complaint and a demurrer.

Plaintiff admits that the verification is not in accordance with the Pennsylvania Rules of Civil Procedure.

In the rule for more specific complaint defendant complains first, that the statement of the book account contains a stipulation, "Balance brought forward January 6, 1949, $284.50"; that the type of goods delivered does not appear anywhere in the complaint but rather a date of delivery and the word "Produce". Additionally, defendant urges that the credit memoranda appearing in the statement should be more specific.

The complaint should be sufficiently specific to show the nature of the transactions between plaintiff and defendant and to show the origin of the "balance brought forward": Brown v. Buecker, 35 Luz. 286; Urbanus v. Turowski, 14 D. & C. 546.

It is not sufficiently specific for the complaint to set forth a single item such as "Produce" where the entry covers several items: 3 Standard Pa. Practice 358; Saul-Klenberg Company v. Barr, 9 Schuyl. Reg. 170.

The credit memoranda are shown by date and are sufficiently specific for defendant to file a responsive answer thereto: Coal Operators Casualty Company v. Peca Coal Company, 44 Schuyl. Reg. 117.

The demurrer is without merit.

For the reasons set forth the preliminary objections are sustained.

And now, June 21, plaintiff is given 20 days to file an amended complaint.